This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DOUGLAS G. BOWEN and**
**MARY I. BOWEN,**

Plaintiffs-Appellees,

**v.**                                      **No. 32,358**

**R.R. PYLE and MARGARET PYLE,**

Defendants-Appellants,

and

**CARLA CASTILLO, PAULA**
**WILLIAMS, LYNN SANCHEZ,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

John S. Campbell
Albuquerque, NM

for Appellees

R.R. Pyle
Margaret Pyle
Albuquerque, NM

Pro Se Appellants

**MEMORANDUM OPINION**

**FRY, Judge.**

R.R. and Margaret Pyle (Defendants) appeal from the district court's order of summary judgment in favor of Douglas G. and Mary I. Bowen (Plaintiffs). This Court's first calendar notice proposed to affirm the district court's order on grounds that: (1) Defendants' attempt to relitigate the February 19, 1997, final decree quieting Plaintiffs' title in the subject property was barred by the doctrine of res judicata; (2) slander of title was supported by the evidence because Defendants knew quiet title was established in favor of Plaintiffs, they failed to appeal, and then subsequently filed a quitclaim deed attempting to convey an interest in the subject property; and (3) Defendants failed to submit evidence in response to Plaintiffs' summary judgment motion in order to controvert Plaintiffs' claim for damages.

Defendants' memorandum in opposition continues to make assertions to support the contention that they acquired the subject property from the "property Tax Division" in 1986, and the records from that division concerning property taxes on the subject property prove they own it. [MIO 1-2] However, Defendants fail to controvert the facts or law to support the determination that the doctrine of res judicata barred Defendants from relitigating the merits of the 1997 quiet title action. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy*

*v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683.  Defendants also fail to point out error in fact or law as to the determination that there was evidence to support the district court's determination of slander of title and for damages.  *See Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice.").

For these reasons, and those stated in the first calendar notice, we affirm the district court's order granting summary judgment in favor of Plaintiffs.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**